UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN CHIASSON, ABDUL GILBERT, KYLIE GESIN, CADENCE LERZA and MICHAEL LERZA, individually and on behalf of all other persons similarly situated who were employed by GUTHRIE CORTLAND MEDICAL CENTER,<br><br>Plaintiffs,<br><br>-against-<br><br>GUTHRIE CORTLAND MEDICAL CENTER, and any related entities,<br><br>Defendant. | **COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION**<br><br>**and**<br><br>**CLASS ACTION**<br><br>5:26-cv-1607 (AJB/MJK)<br><br>**JURY TRIAL DEMANDED** |

Named Plaintiffs BRIAN CHIASSON, ABDUL GILBERT, KYLIE GESIN, CADENCE LERZA and MICHAEL LERZA (collectively "Named Plaintiffs"), by their attorneys Gattuso & Ciotoli, PLLC; allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 190 *et seq.*, New York Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§ 142 *et. seq.* to recover unpaid wages and overtime compensation as well as related damages owed to the Named Plaintiffs and all similar situated persons (collectively "Plaintiffs") who are presently or were formerly employed by Defendant GUTHRIE CORTLAND MEDICAL CENTER, or any other staffing agencies providing similarly situated persons to GUTHRIE CORTLAND MEDICAL CENTER and/or any other entities affiliated with or

controlled by GUTHRIE CORTLAND MEDICAL CENTER, (hereinafter "Defendant") in trades and occupations entitled to receive overtime compensation.

2. From at least August 2020 and continuing through the present, Defendant has engaged in a policy and practice of depriving its employees of the applicable straight time wages and overtime wages for work they performed as mandated by federal and state law.

3. From at least August 2020 and continuing through the present, Defendant has engaged in a policy and practice of having its employees regularly work in excess of 40 hours per week without providing overtime compensation as required by the applicable federal and state laws.

4. Upon information and belief, Defendant also failed to provide appropriate wage notices and pay statements to Named Plaintiffs and those similarly situated as required under NYLL.

5. Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including straight time wages and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## **JURISDICTION**

6. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

7. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

8. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

9. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

10. Named Plaintiff Brian Chiasson is an individual who is currently a resident of Onondaga County, New York, and was employed by Defendant as an hourly paid Registered Nurse ("RN") from June 2024 through February 2026.

11. Named Plaintiff Abdul Gilbert is an individual who is currently a resident of Onondaga County, New York, and was employed by Defendant as an hourly paid Licensed Practical Nurse ("LPN") from November 2023 through July 2025.

12. Named Plaintiff Kylie Gesin is an individual who is currently a resident of Cortland County, New York, and was employed by Defendant as an hourly paid RN from June 2024 through May 2026.

13. Named Plaintiff Cadence Lerza has been employed by Defendant from approximately March 2026 through the present as an hourly paid Nurse Technician ("NT").

14. Named Plaintiff Michael Lerza has been employed by Defendant from approximately March 2025 through present as an hourly paid NT.

15. Upon information and belief, Defendant Guthrie Cortland Medical Center is a domestic not-for-profit corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 134 Homer Avenue, Cortland, NY 13045.

16. At all times relevant to this action, Defendant was Named Plaintiffs' employer as defined by NYLL §§ 2(6), 190(3), and 651(6), as well as 29 U.S.C. § 203, *et seq.*

**CLASS ALLEGATIONS**

17. Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

18. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

19. This action is brought on behalf of Named Plaintiffs and a class consisting of similarly situated employees who worked for Defendant as hourly paid Registered Nurses, Certified Nurse Assistants, Licensed Practical Nurses, Nurse Technicians and/or Patient Care Technicians and were paid hourly wages who had meal breaks automatically deducted from their wages while working for Defendant.

20. Named Plaintiffs and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendant's common policy and/or plan to violate the FLSA and NYLL by failing to pay Named Plaintiffs, and those similarly situated, their regular hourly wages for all hours worked, and overtime hours at one and one-half times their regular hourly wages for all hours worked in excess of 40 in a week.

21. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be at least hundreds of employees. Additionally, the names of all potential members of the putative class are not known.

22. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include but are not limited to: (1) whether Defendant failed to pay the appropriate regular wage for hours up to 40 in

a week and overtime wages for all hours worked in excess of 40 in a week; (2) whether Defendant failed to provide Named Plaintiffs, and those similarly situated, proper wage notices and wage statements during the time of their employment.

23. The claims of Named Plaintiffs are typical of the claims of the putative class members. Named Plaintiffs and putative class members were all subject to Defendant's policies and willful practice of failing to pay regular wages and failure to pay overtime wages for all hours worked; as well as Defendant's failure to provide wage notices and proper pay statements as required by NYLL.

24. Named Plaintiffs and counsel will fairly and adequately protect the interests of the putative class. Named Plaintiffs have retained counsel experienced in complex wage and hour collective and class-action litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendant's policies.

## FACTS

26. Named Plaintiffs repeats each and every allegation previously made here and as if set forth fully herein.

**Named Plaintiff Brian Chiasson**

27. Named Plaintiff Brian Chiasson was employed by Defendant from approximately June 2024 through February 2026 as an hourly paid RN.

28. Named Plaintiff Chiasson's duties included caring for approximately six to nine patients per shift, taking admissions and executing discharges, patient assessments and dressing changes, among other duties.

29. Named Plaintiff Chiasson typically worked three 12-hour shifts per week.

30. Named Plaintiff Chiasson was supposed to receive one 30-minute uninterrupted meal break per shift.

31. Named Plaintiff Chiasson was too busy working without replacement coverage to take meal breaks. Also, he could not leave the unit due to patient safety risks.

32. Named Plaintiff Chiasson was paid approximately $52.00 per hour.

33. Named Plaintiff Chiasson complained about not receiving meal breaks to management.

34. Named Plaintiff Chiasson observed his coworkers routinely working without taking meal breaks.

35. Named Plaintiff Chiasson worked mostly in Unit 2 South. However, he also worked in and walked through all units in Defendant's facility observing and talking with coworkers. He both saw and heard about RNs, LPNs and CNAs in other units working without being able to take meal breaks just as he experienced.

**Named Plaintiff Abdul Gilbert**

36. Named Plaintiff Brian Gilbert was employed by Defendant from approximately November 2023 through July 2025 as an hourly paid LPN.

37. Named Plaintiff Gilbert's duties included personal care of the patients, bedside care, medication administration, transporting and bathing the patients.

38. Named Plaintiff Gilbert typically worked three or four 12.5-hour shifts per week.

39. On average, Named Plaintiff Gilbert worked approximately 37.5 to 50 hours per week, causing him to be paid at the overtime rate of pay some pay periods.

40. Named Plaintiff Gilbert was supposed to receive one 30-minute uninterrupted meal break per shift.

41. Named Plaintiff Gilbert was too busy working without replacement coverage to take meal breaks. Also, he could not leave the unit due to patient safety risks.

42. When Named Plaintiff Gilbert worked through an unpaid meal break it was sometimes at the overtime rate of pay.

43. Named Plaintiff Gilbert was paid approximately $32.00 per hour.

44. Named Plaintiff Gilbert complained about not receiving meal breaks to management.

45. Named Plaintiff Gilbert observed his coworkers routinely working without taking meal breaks.

**Named Plaintiff Kylie Gesin**

46. Named Plaintiff Gesin was employed by Defendant from approximately June 2024 through May 2026 as an hourly paid RN.

47. Named Plaintiff Gesin's duties included taking admissions and executing discharges, patient assessments and dressing changes, among other duties.

48. Named Plaintiff Gesin typically worked three or four 12.5-hour shifts per week.

49. Named Plaintiff Gesin typically worked overtime hours.

50. On average, Named Plaintiff Gesin worked approximately 37.5 to 50 hours per week.

51. Named Plaintiff Gesin was supposed to receive one 30-minute uninterrupted meal break per shift.

52. Named Plaintiff Gesin was too busy working without replacement coverage to take meal breaks. Also, she could not leave the unit due to patient safety risks.

53. When Named Plaintiff Gesin worked through an unpaid meal break it was sometimes at the overtime rate of pay.

54. Named Plaintiff Gesin was paid approximately $37.50 to $40.00 per hour.

55. Named Plaintiff Gesin complained about not receiving meal breaks to management.

56. Named Plaintiff Gesin observed her coworkers all routinely working without taking meal breaks.

**Named Plaintiff Cadence Lerza**

57. Named Plaintiff Cadence Lerza has been employed by Defendant from approximately March 2026 through the present as an hourly paid NT.

58. Named Plaintiff Cadence Lerza's duties include personal care of the patients, checking vitals, feeding patients, assisting patients with walking and transport, sitting with patients and assists with discharges and admissions.

59. Named Plaintiff Cadence Lerza was typically scheduled to work three 12.5-hour shifts per week. However, she often works an extra 12.5-hour shift thereby working overtime hours some pay periods.

60. Named Plaintiff Cadence Lerza was supposed to receive one 30-minute uninterrupted meal break per shift.

61. Named Plaintiff Cadence Lerza was too busy working without replacement coverage to take meal breaks.

62. When Named Plaintiff Cadence Lerza worked through an unpaid meal break it was sometimes at the overtime rate of pay.

63. Named Plaintiff Cadence Lerza is paid approximately $17.56 per hour.

64. Named Plaintiff Cadence Lerza complained about not receiving meal breaks to her supervisor.

65. Named Plaintiff Cadence Lerza observed her coworkers also working full shifts without a meal break.

**Named Plaintiff Michael Lerza**

66. Named Plaintiff Michael Lerza has been employed by Defendant from approximately March 2025 through present as an hourly paid NT.

67. Named Plaintiff Michael Lerza's duties include blood drawing, personal care of the patients, checking vitals, feeding patients, assisting patients with walking and transport, sitting with patients and assists with discharges and admissions.

68. Named Plaintiff Michael Lerza typically works four to five 12.5-hour shifts per week. As such, he typically works over 40 hours per week earning overtime pay.

69. Named Plaintiff Michael Lerza was supposed to receive one 30-minute uninterrupted meal break per shift.

70. Named Plaintiff Michael Lerza was too busy working without replacement coverage to take meal breaks.

71. When Named Plaintiff Michael Lerza has worked through an unpaid meal break it was sometimes at the overtime rate of pay.

72. Named Plaintiff Michael Lerza is paid approximately $17.90 per hour.

73. Named Plaintiff Michael Lerza complained about not receiving meal breaks to management.

74. Named Plaintiff Michael Lerza observed his coworkers working full shifts without a meal break.

**<u>Defendant's Operations</u>**

75. Defendant Guthrie Cortland Medical Center operates a medical facility located at 134 Homer Avenue, Cortland, NY 13045.

76. Defendant had and continues to have a policy of automatically deducting 30-minutes of time from the work shifts of Named Plaintiffs all similarly situated employees for every shift exceeding six hours for meal breaks.

77. Defendant maintained and continues to maintain its policy and practice of auto deducting 30-minute meal breaks despite having actual knowledge that its workers were not receiving a full or even partial meal break during their shifts.

78. Upon information and belief, this policy and procedure was and continues to be the same for all members of the putative class.

79. Defendant is aware that its workers were not and are not receiving meal breaks through complaints by at least Named Plaintiffs.

80. Upon information and belief, Defendant received complaints from other similarly situated workers regarding meals breaks not being taken due to working conditions.

81. While working for Defendant, Named Plaintiffs and other similarly situated employees were regularly required to perform work for Defendant without receiving pay for all hours worked and overtime compensation when appropriate, as required by applicable federal and state law.

82. As a result, Named Plaintiffs and those similarly situated were routinely not paid for all hours worked and at times deprived of appropriate overtime compensation.

83. Upon information and belief, Named Plaintiffs and all similarly situated employees who worked through their meal breaks were subject to Defendant's auto-deduction practice and did not get paid for the time they spent working through their breaks.

84. Defendant consistently and repeatedly used this policy, procedure and method of automatically deducting one-half hour for meal breaks whether taken by the employee or not and at times failing to pay overtime across the members of the putative class.

85. Named Plaintiffs, and those similarly situated, did not receive wage notices.

86. Named Plaintiffs, and those similarly situated, received from Defendant, inaccurate pay statements for each and every pay period that wrongfully deducted one or more one-half hour meal breaks that were not actually taken by Named Plaintiffs and those similarly situated. The pay statements were unreliable in that they incorrectly recorded all hours for which Named Plaintiffs and those similarly situated worked and were owed pay and misled them as to whether they were properly paid for all hours worked. Each pay statement that wrongfully stated the hours due to Named Plaintiffs and those similarly situated constitutes a separate and individual actionable violation of the NYLL, as stated herein.

## FIRST CAUSE OF ACTION

## UNPAID OVERTIME UNDER FLSA

87. The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

88. Named Plaintiffs and similarly situated hourly employees of Defendants bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

89. Under the FLSA, Named Plaintiffs and similarly situated hourly employees are entitled to be compensated for all hours worked where such time is compensable time and is also subject to the overtime provision of section 207 of the FLSA.

90. Defendants willfully, knowingly, purposefully, and recklessly failed to pay Named Plaintiffs and similarly situated hourly employees for time which would have qualified as overtime.

91. Upon information and belief, Named Plaintiffs and those similarly situated hourly employees frequently worked more hours than what they were paid for and frequently had adjustments made to their time clock records resulting in a paycheck for less time than what the Named Plaintiffs and those similarly situated actually worked, including hours worked beyond forty (40) hours per week.

92. On this claim for relief, the Named Plaintiffs on behalf of themselves and other similarly situated hourly employees of Defendants, seek the payment of all unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid to the Named Plaintiffs and other similarly situated employees.

93. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

## SECOND CAUSE OF ACTION

## NEW YORK LABOR LAW - UNPAID WAGES

94. Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

95. Under NYLL, Named Plaintiffs and similarly situated hourly employees are entitled to a half hour break when their scheduled shift exceeds 6 hours.

96. Additionally, Named Plaintiffs and similarly situated employees are also entitled to be paid for all hours worked and at an overtime rate of one and one-half times the regular hourly rate when their total hours exceeded 40 hours per week.

97. Even though Named Plaintiffs and similarly situated employees are entitled a half-hour rest breaks, and to be paid for all hours worked including overtime rates for hours exceeding 40 per week, Defendant refused and continues to refuse, to provide required breaks and failed and continues to fail to pay Named Plaintiffs and those similarly situated for all hours worked at the appropriate rate of pay, including overtime rates for work in excess of 40 hours per week, as required under to NYLL §§ 190, et seq, 650, et seq, and, 19 NYCRR §§ 137 and 142, et seq.

98. New York Labor Law § 193 precludes deductions from an employee's pay without prior authorization from the employee. Defendant's automatic deductions of one-half hour meal breaks violates New York Labor Law § 193.

99. Upon information and belief, Defendant willfully, purposefully, and maliciously failed to pay the required compensation or provided the required rest periods as articulated in this claim for relief.

100. On this claim for relief, the Named Plaintiffs and other similarly situated hourly employees of Defendant seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the Named Plaintiffs and other similarly situated employees.

101. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the NYLL.

**THIRD CAUSE OF ACTION**

**NEW YORK LABOR LAW - UNPAID OVERTIME**

102. The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

103. Named Plaintiffs and those similarly situated were employed by Defendant within the meaning of the NYLL.

104. At all relevant times, Defendant has had a willful policy and practice of failing to pay Named Plaintiffs and those similarly situated for appropriate overtime compensation for all hours worked in excess of 40 hours per workweek.

105. As a result of the Defendant's willful failure to compensate Named Plaintiff and those similarly situated at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continues to violate, N.Y. Lab. Law Article 19 §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

106. Due to the Defendant's violations of the NYLL, Plaintiffs are entitled to recover from the Defendant compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to N.Y. Lab. Law Article 19 § 663.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ANNUAL WAGE NOTICES AND PAY STATEMENTS UNDER NYLL**

107. Plaintiffs repeat and re-allege the allegations set forth above as if fully set forth herein.

108. Defendant has willfully failed to provide Named Plaintiffs and those similarly situated with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

109. Defendant has willfully failed to provide Named Plaintiffs and those similarly situated with proper and accurate pay statements, as required by NYLL § 195(3), listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; accurate recording of all hours due to be paid; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

110. Named Plaintiffs, and those similarly situated, did not receive all required wage notices and pay statements during their employment with Defendant.

111. Through their knowing or intentional failure to provide Named Plaintiffs with the wage notices and pay statements required by the NYLL, Defendant willfully violated NYLL §§ 191(1) and (3) and the supporting New York State Department of Labor Regulations.

112. According to NYLL § 198-1(b), Named Plaintiffs, and those similarly situated, are entitled to $50 for every day they did not receive a wage notice up to a total of $5,000, together with costs and reasonable attorney's fees.

113. According to NYLL § 198-1(b), Named Plaintiffs, and those similarly situated, are entitled to $250 for every day they did not receive a proper and accurate pay statement up to a total of $5,000, together with costs and reasonable attorney's fees.

114. By the foregoing reasons, Defendant violated NYLL §§ 195(1) and (3) and are liable to the Plaintiffs pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**

**RECORD KEEPING VIOLATION**

115. Upon information and belief, Defendant disregarded and evaded recordkeeping requirements of applicable New York State law, including New York Labor Law § 195(4) and 12 NYCRR § 142-2.6, by failing to maintain proper and complete records of hours worked and rates of pay, as well as other employee records.

**JURY TRIAL DEMANDED**

116. Plaintiff demands that all issues of fact be decided by a jury.

**WHEREFORE**, Named Plaintiffs, individually and on behalf of all other persons similarly situated who were employed by Defendant, demand judgment:

(1) On the First Cause of Action against Defendant, all unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the FLSA;

(2) On the Second Cause of Action against Defendant, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to New York Labor Law, and

(3) On the Third Cause of Action against Defendant, all unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to New York Labor Law; and

(4) On the Fourth Cause of Action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

(5) On the Fifth Cause of Action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

(6) Such other and further relief as this Court may deem just and proper.

Dated: Fayetteville, New York
August 20, 2026

By: /s/Frank S. Gattuso
Frank Gattuso, Esq.
GATTUSO & CIOTOLI, PLLC
The White House
7030 E. Genesee Street
Fayetteville, New York 13066
315-314-8000
315-446-7521 (fax)
fgattuso@gclawoffice.com

and

/s/ LaDonna M. Lusher
LaDonna M. Lusher, Esq.
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel: 212-943-9080
llusher@vandallp.com
asakovits@vandallp.com

*Attorneys for the Plaintiff and putative class*

To: Guthrie Cortland Medical Center
134 Homer Avenue
Cortland, NY 13045